# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS GONZALEZ-CAYETANO,<br><br>  Plaintiff,<br><br>  v.<br><br>CORRECTIONS CORPORATION<br>OF AMERICA, et al.,<br><br>  Defendants. | CASE NO. 1:05-CV-00518-OWW-LJO-P<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(Doc. 1) |

I.   Screening Order

   A.   Screening Requirement

   Plaintiff Nicolas Gonzalez-Cayetano ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on April 20, 2005.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the California City Correctional Center in California City, California, where plaintiff is presently incarcerated. Plaintiff names Corrections Corporation of America, the California City Correctional Center, J. Robertson, K. Pluta, L. Carpenter, A. Wong, Juarez, Garcia, Gilkey, Ramos, L. Carpenter, Lujano and various unspecified Does as defendants. Plaintiff is seeking money damages and injunctive relief.

C.   Plaintiff's Claims

1.   Corrections Corporation of America and the California City Correctional Center as Defendants

Plaintiff names Corrections Corporation of America and the California City Correctional Center as defendants. However, plaintiff's Bivens claims against these entities fail as a matter of law because plaintiff may not recover damages against private corporations. Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 63 (2001) (declining to extend Bivens damages action to allow for recovery against private corporation).

2.   Claim One - Excessive Force

Plaintiff alleges that on October 1, 2004, defendant Robertson forced him to attend a disciplinary hearing. After plaintiff stood up due to excessively tight handcuffs, defendant took him

outside and beat him, causing him to lose consciousness and sustain multiple injuries. Plaintiff alleges that defendant Garcia participated in the beating and that defendant Juarez, a supervising officer, knew about the beating but failed to intervene and stop subordinate officers Robertson and Garcia.

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Robertson, Garcia, and Juarez for use of excessive force, in violation plaintiff's Eighth Amendment rights. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). In claim one, in addition to alleging excessive force, plaintiff alleges claims based on cruel and unusual punishment, assault while handcuffed, being held hostage, and intentional torture. Plaintiff's allegations give rise to a claim for relief for excessive force, in violation of the Cruel and Unusual Punishment Clause of the

Eighth Amendment. There are no separate and distinct claims for relief under federal law available to plaintiff for cruel and unusual punishment, assault while handcuffed, being held hostage, and intentional torture. Therefore, plaintiff's claim one shall be treated as one claim for excessive force.

### 3. Claim Two - Retaliation and Failure to Report Incident of Force

Plaintiff alleges that defendant Robertson falsely charged him with attempted assault, in violation of prison rules, in retaliation for plaintiff's attempts to seek medical care and petition staff members for surgery. Plaintiff further alleges that defendants Robertson, Garcia, and Juarez failed to report the incident of excessive force and plaintiff's resulting injuries.

As with his other claims, plaintiff includes as separate and distinct claims items which are not claims under federal law. Based on plaintiff's allegations, plaintiff's claims are properly construed as claims for failure to report the incident and for retaliation. Plaintiff's description of his claim as one for "Malicious Incident Report and/or Reckless Disregard of the Truth and/or Fraudulent Concealment of the Truth and/or False Assertion/Defamation to Pursuing a False Charge in Retaliation for Frequents [sic] Medical Request of Plaintiff. Failure to Report the Exccesive [sic] Force Used" is disregarded.

#### a) Failure to Report Excessive Force Incident

Plaintiff's allegations that defendants failed to report the incident of excessive force and failed to document his injuries do not give rise to a claim for relief under federal law. Plaintiff does not have a constitutionally protected right to any particular documentation or investigation.

#### b) Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegation that defendant Robertson filed a false disciplinary report against him in retaliation for speaking out about his medical problems and seeking staff assistance is sufficient to state a claim for retaliation under federal law. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 4. Claim Three - Medical Care

Plaintiff alleges an Eighth Amendment medical care claim against defendants Ramos, Pluta, Carpenter, Bilkey, and various Does. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's general allegations concerning his medical care are insufficient to give rise to an Eighth Amendment medical care claim. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has

not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Plaintiff's allegations do not support a claim that each of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at 837. Plaintiff may not state a claim by naming numerous defendants and then complaining generally about various medical issues. Plaintiff is required to allege *specific* facts linking *each* named defendant, including Doe defendants, to acts or omissions that violated plaintiff's rights. With respect to the more specific allegation against defendant Lujano, the allegation that Lujano denied plaintiff his insulin injection on March 16, 2005 is not sufficient to state a claim.[1]

### 5. Claim Four - Oppression, Fraud, and Misrepresentation

Plaintiff alleges state law claims for oppression, fraud, and negligent misrepresentation. "Oppression" is not a common law tort and plaintiff has provided no authority for the proposition that there is a separate and distinct legal claim under California for law for "oppression."

Fraud and misrepresentation is one claim rather than two, as pled by plaintiff. The elements of fraudulent misrepresentation are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. Okun v. Morton, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988). All elements must be present and the absence of any one element is fatal to recovery. Id. Plaintiff may not pursue a claim for relief for fraudulent misrepresentation because to the extent that a false report was prepared by defendant Robertson, plaintiff was aware of its falsity from the onset and did not rely on report.

///

///

---

[1] Plaintiff is cautioned about including claims in this action that were not exhausted prior to filing suit. This suit was filed on April 20, 2005, and plaintiff was allegedly denied insulin on March 16, 2005. Although the court cannot say it is impossible, the court finds it highly unlikely that plaintiff fully exhausted this claim prior to filing this action. Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). If plaintiff included unexhausted claims in this action and either defendants raise the issue via a motion to dismiss or it becomes apparent to the court from the record, the unexhausted claims will be dismissed. There is no exception to the rule that claims must be fully exhausted prior to filing suit.

      6.    <u>Claim Five - Conspiracy</u>

Plaintiff alleges a claim for relief for conspiracy. A complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988). Further, plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants, and the conclusory assertion that defendants acted in concert is insufficient to state a claim for relief.

      7.    <u>Claim Six - Failure to Investigate, Supervise, and Train</u>

Plaintiff alleges that defendants failed to investigate, supervise, or train. As previously stated, plaintiff does not have a constitutionally protected right to an investigation. Therefore, the allegation that defendants failed to investigate does not give rise to a claim for relief.

With respect to the failure to train, in <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378 (1989), the Supreme Court held that under certain circumstances, a municipality may be held liable based on the failure to train its employees. This court finds no authority for the extension of <u>City of Canton</u> and its progeny to prison officials being sued in their personal capacities. It appears to this court, following a review of the relevant case law, that the cases involving failure to train are limited to suits against city and county entities. This is not to say that plaintiff cannot allege facts involving the failure to train that are sufficient to state a claim under a theory of supervisory liability. For instance, it is possible that the failure to train employees in a particular respect may amount to a policy or practice of failing to provide employees with adequate training, and that the policy or practice of failing to provide adequate training amounts to deliberate indifference.

With respect to supervisory liability, supervisory personnel cannot be held liable in a <u>Bivens</u> action for the actions of their employees under a theory of <u>respondeat superior</u>. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991). When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically

7

alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has alleged no facts that give rise to a claim for relief based on supervisory liability. The conclusory assertion that defendants failed to supervise does not provide a basis upon which to impose liability. Further, plaintiff does not allege which defendants failed to supervise. Plaintiff is suing numerous defendants. Plaintiff must allege facts linking specifically identified defendants to acts or omissions that violated his rights.

D.   Conclusion

The court finds that plaintiff's complaint contains cognizable claims for relief pursuant to Bivens against defendants Robertson, Garcia, and Juarez for use of excessive force, and against defendant Robertson for retaliation. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Robertson, Garcia, and Juarez for use of excessive force, and against defendant Robertson for retaliation only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff three summonses and three USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Robertson, Garcia, and Juarez.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior

pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a Bivens complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Robertson, Garcia, and Juarez for use of excessive force, and against defendant Robertson for retaliation; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   November 7, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE