1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  NICOLAS GONZALEZ-CAYETANO,          CASE NO. 1:05-CV-00518-OWW-LJO-P

10                      Plaintiff,      FINDINGS AND RECOMMENDATIONS
                                        RECOMMENDING DISMISSAL OF CERTAIN
11        v.                            CLAIMS AND DEFENDANTS

12  CORRECTIONS CORPORATION             (Doc. 1)
    OF AMERICA, et al.,
13
                        Defendants.
14  _____/

15  I.      Findings and Recommendations Following Screening of Complaint
16
17          A.      Procedural History

18          Plaintiff Nicolas Gonzalez-Cayetano ("plaintiff") is a federal prisoner proceeding pro se and

19  in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal

20  Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by

21  federal actors.  Plaintiff filed this action on April 20, 2005.  On November 7, 2005, the court

22  screened plaintiff's complaint and found that it contains cognizable claims for relief against

23  defendants Robertson, Garcia, and Juarez for use of excessive force, and against defendant

24  Robertson for retaliation.  (Doc. 9.)  However, the court found that plaintiff's complaint does not

25  contain any other claims upon which relief may be granted.  (Id.)  The court ordered plaintiff to

26  either file an amended complaint or notify the court that he is willing to proceed only on the claims

27  found to be cognizable.  (Id.)  On December 12, 2005, plaintiff filed a notice stating that he wishes

28  ///

1

1   to proceed with his cognizable claims.  (Doc. 10.)  Based on plaintiff's notice, this Findings and

2   Recommendations now issues.

3         B.      Screening Requirement

4         The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

10  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

11  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

13  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

14  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

15  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

16  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

17  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

18  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

19  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

20  U.S. 411, 421 (1969).

21        C.      Summary of Plaintiff's Complaint

22        The events at issue in the instant action allegedly occurred at the California City Correctional

23  Center in California City, California, where plaintiff was incarcerated at the time.  Plaintiff names

24  Corrections Corporation of America, the California City Correctional Center, J. Robertson, K. Pluta,

25  ///

26  ///

27  ///

28  ///

1   L. Carpenter, A. Wong, Juarez, Garcia, Gilkey, Ramos, Lujano and various unspecified Does as

2   defendants.  Plaintiff is seeking money damages and injunctive relief.[1]

3       D.    Plaintiff's Claims

4           1.    Corrections Corporation of America and the California City Correctional
                  Center as Defendants

5   Plaintiff names Corrections Corporation of America and the California City Correctional

6   Center as defendants.  However, plaintiff's <u>Bivens</u> claims against these entities fail as a matter of

7   law because plaintiff may not recover damages against private corporations.  <u>Correctional Serv.</u>

8   <u>Corp. v. Malesko</u>, 534 U.S. 61, 63 (2001) (declining to extend <u>Bivens</u> damages action to allow for

9   recovery against private corporation).

10          2.    Claim One - Excessive Force

11  Plaintiff alleges that on October 1, 2004, defendant Robertson forced him to attend a

12  disciplinary hearing.  After plaintiff stood up due to excessively tight handcuffs, defendant took him

13  outside and beat him, causing him to lose consciousness and sustain multiple injuries.  Plaintiff

14  alleges that defendant Garcia participated in the beating and that defendant Juarez, a supervising

15  officer, knew about the beating but failed to intervene and stop subordinate officers Robertson and

16  Garcia.

17  "Whenever prison officials stand accused of using excessive physical force in violation of

18  the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is

19  . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

20  and sadistically to cause harm."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v.</u>

21  <u>Albers</u>, 475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was wanton and

22  unnecessary, it may also be proper to evaluate the need for application of force, the relationship

23  between the need and the amount of force used, the threat 'reasonably perceived by the responsible

24  officials,' and 'any efforts made to temper the severity of a forceful response.'"  <u>Hudson</u>, 503 U.S.

25

26  _____

27  [1] When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his
    claims for such relief become moot when he is no longer subjected to those conditions.  <u>Dilley v. Gunn</u>, 64 F.3d
    1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).  Plaintiff is no longer incarcerated
28  at the California City Correctional Center.  Accordingly, his claims for equitable relief are moot and this action shall
    proceed as one for damages only.

1  at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not

2  end it." Id.

3          Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at

4  9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's

5  chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028,

6  1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth

7  Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from

8  constitutional recognition de minimis uses of physical force, provided that the use of force is not of

9  a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

10          The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief

11  against defendants Robertson, Garcia, and Juarez for use of excessive force, in violation plaintiff's

12  Eighth Amendment rights. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-

13  15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).  In claim one, in addition to

14  alleging excessive force, plaintiff alleges claims based on cruel and unusual punishment, assault

15  while handcuffed, being held hostage, and intentional torture.  Plaintiff's allegations give rise to a

16  claim for relief for excessive force, in violation of the Cruel and Unusual Punishment Clause of the

17  Eighth Amendment.  There are no separate and distinct claims for relief under federal law available

18  to plaintiff for cruel and unusual punishment, assault while handcuffed, being held hostage, and

19  intentional torture.  Therefore, plaintiff's claim one shall be treated as one claim for excessive force.

20                     3.      Claim Two - Retaliation and Failure to Report Incident of Force

21          Plaintiff alleges that defendant Robertson falsely charged him with attempted assault, in

22  violation of prison rules, in retaliation for plaintiff's attempts to seek medical care and petition staff

23  members for surgery.  Plaintiff further alleges that defendants Robertson, Garcia, and Juarez failed

24  to report the incident of excessive force and plaintiff's resulting injuries.

25          As with his other claims, plaintiff includes as separate and distinct claims items which are

26  not claims under federal law.  Based on plaintiff's allegations, plaintiff's claims are properly

27  construed as claims for failure to report the incident and for retaliation.  Plaintiff's description of his

28  claim as one for "Malicious Incident Report and/or Reckless Disregard of the Truth and/or

4

Fraudulent Concealment of the Truth and/or False Assertion/Defamation to Pursuing a False Charge in Retaliation for Frequents [sic] Medical Request of Plaintiff. Failure to Report the Exccesive [sic] Force Used" is disregarded.

a)   <u>Failure to Report Excessive Force Incident</u>

Plaintiff's allegations that defendants failed to report the incident of excessive force and failed to document his injuries do not give rise to a claim for relief under federal law. Plaintiff does not have a constitutionally protected right to any particular documentation or investigation.

b)   <u>Retaliation</u>

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's allegation that defendant Robertson filed a false disciplinary report against him in retaliation for speaking out about his medical problems and seeking staff assistance is sufficient to state a claim for retaliation under federal law. Fed. R. Civ. P. 8(a); <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512-15 (2002); <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004).

4.   <u>Claim Three - Medical Care</u>

Plaintiff alleges an Eighth Amendment medical care claim against defendants Ramos, Pluta, Carpenter, Bilkey, and various Does. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004)

5

(quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's general allegations concerning his medical care are insufficient to give rise to an Eighth Amendment medical care claim.  "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id</u>. at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>. (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Plaintiff's allegations do not support a claim that each of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer v. Brennan</u>, 511 U.S. at 837.  Plaintiff may not state a claim by naming numerous defendants and then complaining generally about various medical issues. Plaintiff is required to allege *specific* facts linking *each* named defendant, including Doe defendants, to acts or omissions that violated plaintiff's rights.  With respect to the more specific allegation against defendant Lujano, the allegation that Lujano denied plaintiff his insulin injection on March 16, 2005 is not sufficient to state a claim.[2]

_____

[2] Plaintiff is cautioned about including claims in this action that were not exhausted prior to filing suit.  This suit was filed on April 20, 2005, and plaintiff was allegedly denied insulin on March 16, 2005.  Although the court cannot say it is impossible, the court finds it highly unlikely that plaintiff fully exhausted this claim prior to filing this action.  Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). If plaintiff included unexhausted claims in this action and either defendants raise the issue via a motion to dismiss or

1

        5.      Claim Four - Oppression, Fraud, and Misrepresentation

2        Plaintiff alleges state law claims for oppression, fraud, and negligent misrepresentation.

3   "Oppression" is not a common law tort and plaintiff has provided no authority for the proposition

4   that there is a separate and distinct legal claim under California for law for "oppression."

5        Fraud and misrepresentation is one claim rather than two, as pled by plaintiff.  The elements

6   of fraudulent misrepresentation are: "(1) misrepresentation (false representation, concealment, or

7   nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable

8   reliance; and (5) resulting damages. Okun v. Morton, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988).

9   All elements must be present and the absence of any one element is fatal to recovery.  Id.  Plaintiff

10  may not pursue a claim for relief for fraudulent misrepresentation because to the extent that a false

11  report was prepared by defendant Robertson, plaintiff was aware of its falsity from the onset and did

12  not rely on report.

13              6.      Claim Five - Conspiracy

14       Plaintiff alleges a claim for relief for conspiracy.  A complaint must "allege [some] facts to

15  support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968

16  F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626

17  (9th Cir. 1988).  Further, plaintiff must allege that defendants conspired or acted jointly in concert

18  and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497

19  F.2d 197, 200 (9th Cir. 1974).

20       Plaintiff has not alleged any facts supporting the existence of a conspiracy between

21  defendants, and the conclusory assertion that defendants acted in concert is insufficient to state a

22  claim for relief.

23              7.      Claim Six - Failure to Investigate, Supervise, and Train

24       Plaintiff alleges that defendants failed to investigate, supervise, or train.  As previously

25  stated, plaintiff does not have a constitutionally protected right to an investigation.  Therefore, the

26  allegation that defendants failed to investigate does not give rise to a claim for relief.

27

28  it becomes apparent to the court from the record, the unexhausted claims will be dismissed.  There is no exception to
the rule that claims must be fully exhausted prior to filing suit.

1   With respect to the failure to train, in <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378 (1989),

2   the Supreme Court held that under certain circumstances, a municipality may be held liable based

3   on the failure to train its employees.  This court finds no authority for the extension of <u>City of Canton</u>

4   and its progeny to prison officials being sued in their personal capacities.  It appears to this court,

5   following a review of the relevant case law, that the cases involving failure to train are limited to

6   suits against city and county entities.  This is not to say that plaintiff cannot allege facts involving

7   the failure to train that are sufficient to state a claim under a theory of supervisory liability.  For

8   instance, it is possible that the failure to train employees in a particular respect may amount to a

9   policy or practice of failing to provide employees with adequate training, and that the policy or

10   practice of failing to provide adequate training amounts to deliberate indifference.

11   With respect to supervisory liability, supervisory personnel cannot be held liable in a <u>Bivens</u>

12   action for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u>.  <u>Terrell v. Brewer</u>,

13   935 F.2d 1015, 1018 (9th Cir. 1991).  When the named defendant holds a supervisorial position, the

14   causal link between the defendant and the claimed constitutional violation must be specifically

15   alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438,

16   441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state a claim for relief for supervisory

17   liability, plaintiff must allege some facts indicating that the defendant either: personally participated

18   in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

19   them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

20   of constitutional rights' and is 'the moving force of the constitutional violation.'"  <u>Hansen v. Black</u>,

21   885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045

22   (9th Cir. 1989).

23   Plaintiff has alleged no facts that give rise to a claim for relief based on supervisory liability.

24   The conclusory assertion that defendants failed to supervise does not provide a basis upon which to

25   impose liability.  Further, plaintiff does not allege which defendants failed to supervise.  Plaintiff is

26   suing numerous defendants.  Plaintiff must allege facts linking specifically identified defendants to

27   acts or omissions that violated his rights.

28   ///

E.   <u>Conclusion</u>

The court finds that plaintiff's complaint contains cognizable claims for relief pursuant to <u>Bivens</u> against defendants Robertson, Garcia, and Juarez for use of excessive force, and against defendant Robertson for retaliation.  However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted.  Plaintiff was provided with the opportunity to file an amended complaint, but plaintiff opted to proceed only on his cognizable claims.  Accordingly, it is HEREBY RECOMMENDED that:

1.   This action proceed on plaintiff's complaint filed April 20, 2005 against defendants Robertson, Garcia, and Juarez for use of excessive force, and against defendant Robertson for retaliation;

2.   The following claims be dismissed, without prejudice, for failure to state a claim upon which relief may be granted:

   a.   Plaintiff's claim based on the failure to report the incident of excessive force and the failure to document his injuries;

   b.   Plaintiff's Eighth Amendment medical care claims;

   c.   Plaintiff's state law claims for oppression, fraud, and misrepresentation;

   d.   Plaintiff's conspiracy claim; and

   e.   Plaintiff's claim based on the failure to investigate, supervise, and train; and

3.   Defendants Corrections Corporation of America, California City Correctional Center, Pluta, Carpenter, Wong, Gilkey, Ramos, and Lujano be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2  1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  **Dated:    December 14, 2005**              _____/s/ Lawrence J. O'Neill_____
   b9ed48                                       UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28